UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Rose Sajjabi, individually, ) Case No.
                           )
       Plaintiff,          )
                           )
   vs.                     )  04-11881 RGS
                           )
Tom Ridge, Secretary of the United States )
Department of Homeland Security, )
                           )  MAGISTRATE JUDGE: _____
       Defendant.          )
                           )

**COMPLAINT FOR DECLARATORY RELIEF
IN THE NATURE OF MANDAMUS**

COME NOW Rose Sajjabi, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

### I.   INTRODUCTION

1. This action is brought against Defendant to compel action on Plaintiff's Asylum Application. The application was properly filed on May 29, 2003 and remains within the jurisdiction of the Defendant, who has improperly withheld action on said application to Plaintiff's detriment. The Plaintiff's Alien Number is A97160653.

2. This action is an individual action for declaratory and mandatory relief, pursuant to the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et seq. This action respectfully requests that the United States Department of Homeland Security (DHS) finalize a decision in response to the Asylum Application filed by Rose Sajjabi. Under law, the DHS decides whether or not to grant asylum within 30 to 60 days but not more than 150 days of filing. Ms. Sajjabi has not received a response in more than one year

RECEIPT # 58303
AMOUNT $ 150
SUMMONS ISSUED 3
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 8-30-04

-1-

## II. JURISDICTION

3. This Court has jurisdiction over the present action pursuant to 28 U.S.C. Section 1331, Federal Question Jurisdiction; 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. Section 701 et. seq., the Administrative Procedures Act; 28 U.S.C. Section 1361, compelling an officer of the United States to perform his duty; and 8 U.S.C. Section 1329, of the Immigration and Nationality Act, providing for jurisdiction of this court over actions arising under said Act. Relief is requested pursuant to said statutes.

## III. VENUE

4. Venue is proper in this court, pursuant to 28 U.S.C. Section 1391(e), as amended. Section 1391(e) provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or any agency of the United States, the action may be brought in any judicial court in which a defendant in the action resides and where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The DHS is an agency which operates within this district. Furthermore, Plaintiff's application for Asylum was properly filed and remains pending with the DHS. Plaintiff resides in Massachusetts.

## IV. PLAINTIFF

5. Plaintiff Rose Sajjabi is a 42 year old native citizen of Uganda. She entered the United States on June 1, 2002 to flee political persecution in Uganda perpetrated by the Ugandan government. The government arrested Ms. Sajjabi because she supported the opposition party and detained her for three weeks, raping her and beating her. After her escape, and because she feared for her own life and the well being of her loved ones, Plaintiff fled Uganda and went to the United States to seek safety.

## V. DEFENDANTS

6. The Department of Homeland Security (DHS) was organized to: prevent and deter terrorist attacks; ensure safe and secure borders; welcome lawful immigrants and visitors; and promote the free-flow of commerce. It is charged with responsibility for asylum matters.

7. Tom Ridge is the Secretary of the United States Department of Homeland Security.

8. The Newark Asylum Office of the DHS office has not finalized a decision with respect to Plaintiff's Asylum Application despite assuring Plaintiff that her circumstances warrant asylum status. They have stated that her file falls into "a special class of people whose file must be sent to headquarters for further investigation." The Director of the Newark Asylum Office has admitted to Plaintiff's counsel that many times files sent to headquarters for investigations wallow for lengthy periods of time with no action, and many never come back for processing at all.

## VI. EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted her administrative remedies. Plaintiff has, through her attorney, made numerous inquiries concerning the status of the application but to no avail.

## VII. CAUSE OF ACTION

10. Rose Sajjabi is an applicant for Asylum and Withholding of Removal, pursuant to Section 241(b)(3) of the Immigration and Nationality Act (INA), as amended. In order to qualify for asylum, an applicant must establish that he or she is a refugee. A refugee is a person who is unable or unwilling to return to his or her country of nationality because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. In order to qualify for withholding of removal, you must establish that it is more likely than not that you would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion, in the proposed country of removal pursuant to Section 241(b)(3) of the UNA, as amended.

11.  Rose Sajjabi submitted her Application for Asylum and for Withholding of Removal, Form I-589, on May 29, 2003.

12.  The evidence in this case overwhelmingly shows that Plaintiff Rose Sajjabi is a refugee who was persecuted, abused, raped and detained by the Ugandan government all because of her political opinion, and that she will likely be persecuted again should she return to her home country.

13.  On July 11, 2003, Plaintiff was interviewed by the DHS regarding her asylum application. After listening to Plaintiff's case and apparently finding her story credible, the DHS assured Ms. Sajjabi and her attorney that the DHS would render a decision within two weeks. After several months of waiting for a decision and making calls to DHS, the DHS acknowledged that her case is "at headquarters awaiting investigation".

14.  Plaintiff is entitled to a finalized adjudication from the DHS within 30 to 60 days—no more than 150 days—of filing but has not received a response in more than one year. Defendant's refusal to respond to Plaintiff's request for asylum is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to, process and approve Plaintiff's applications, thereby depriving Plaintiff of the right to a decision and the peace of mind to which Plaintiff is entitled.

15. Plaintiff has been damaged by simply being deprived of the status of Asylee, which brings many benefits, including the right to file for lawful permanent residence and the right to bring her children to the U.S. to join her. Plaintiff is entitled to a finalized approval of her application as was initially promised and which is required by law. **Plaintiff implores the Defendant to approve the asylum status now. If their investigation ever turns up any negative information about the Plaintiff being involved in terrorist or rebel activities, which it will not, then the Defendant can always take the asylum status away.**

## VIII. PRAYER

16. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendant be cited to appear herein and that, upon due consideration, the Court enter an order to:

a) Compel Defendant and those acting under them to perform their duty to act upon the Asylum Application by adjudicating Plaintiff's asylum status;

b) Order Defendant to pay Plaintiff's costs, filing fees, and legal fees; and

c) Grant such other relief at law and in equity as justice may require.

Dated this 18th day of August, 2004

Jeffrey W. Goldman, BBO #548056
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
Phone: (617) 310-8217
Fax: (617) 790-0165

CERTIFICATE OF SERVICE

I, Jeffrey W. Goldman, attorney for the Plaintiff, hereby certify that on this 27th day of August, 2004, I caused a copy of the foregoing to be served on all counsel of record via first-class mail, postage pre-paid.

Jeffrey W. Goldman

GOLDMAJW\7570\19.3093666_1

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROSE SAJJABI, INDIVIDUALLY

## DEFENDANTS
TOM RIDGE, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JEFFREY W. GOLDMAN, ESQ.
TESTA, HURWITZ & THIBEAULT, LLP
125 HIGH STREET, BOSTON, MA 02110 - (617) 310-8217

Attorneys (If Known)
04-11881 RGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 385 Property Damage Product Liability | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | ☐ 555 Prison Condition | ☐ 871 IRS –Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1361

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 8/27/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Fajlabi v. Ridge__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.       **04-11881 RGS**

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   __None__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jeffrey W. Goldman__
ADDRESS __Testa Hurwitz + Thibeault, 125 High St., Boston MA 02110__
TELEPHONE NO. __617-310-8217__

(Cover sheet local.wpd - 11/27/00)